NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR AMILCAR HERRERA FLORES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-526<br><br>Agency No.<br>A206-147-530<br><br>MEMORANDUM[*] |
| SALVADOR AMILCAR HERRERA FLORES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-883<br><br>Agency No.<br>A206-147-530 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 20, 2023[]

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Salvador Amilcar Herrera Flores ("Herrera Flores") petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Herrera Flores also appeals the BIA's denial of his motion for reconsideration. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and remand for further proceedings on Herrera Flores's CAT deferral claim.

1. Substantial evidence supports the BIA's dismissal of Herrera Flores's appeal of the IJ's denial of asylum, withholding of removal, and CAT withholding. Even if we assume that Herrera Flores provided credible and persuasive testimony, there are serious reasons for believing that he has committed a serious nonpolitical crime in El Salvador.[1] Herrera Flores is therefore barred from asylum relief and withholding. *See* 8 U.S.C. § 1158(b)(2)(A)(iii); *Guan v. Barr*, 925 F.3d 1022, 1031

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In Herrera Flores's case, his own testimony and multiple pieces of circumstantial evidence corroborate the INTERPOL Red Notice. *Compare Villalobos Sura v. Garland*, 8 F.4th 1161, 1167–69 (9th Cir. 2021) (holding that Red Notice along with corroborating evidence and testimony establishes "serious reasons") *with Gonzalez-Castillo v. Garland*, 47 F.4th 971, 977–80 (9th Cir. 2022) (holding that an erroneous Red Notice, standing alone, does not establish "serious reasons").

(9th Cir. 2019).

2. The BIA failed to consider all the relevant evidence cited by Herrera Flores to support his claim for deferral under CAT. Namely, Herrera Flores claims that he was beaten in prison by gang members while police officers watched and laughed. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185 (9th Cir. 2020) (finding that being beaten by gang members while "police officers looked on and did [] nothing but laugh" constitutes acquiescence by a public official). As recommended by the government, we remand to the BIA to consider (1) whether Herrera Flores's beating in prison by gang members constituted torture; (2) whether the Salvadoran police acquiesced by watching and laughing as Herrera Flores was beaten; and (3) whether Herrera Flores would be tortured in the future as the result of being named in an INTERPOL Red Notice.

**PETITION DENIED IN PART, REMANDED IN PART.[2]**

---

[2] Herrera Flores's appeal of the BIA's denial of his motion for reconsideration is dismissed as moot.